IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, individually and as | § | |
| Next Friend of JANIE DOE, MINOR CHILD | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| DEER PARK INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

## **APPENDIX**

| Exhibit | Description |
|---|---|
| A | Plaintiffs' Original Petition (May 27, 2025) |
| B | Service Documents |
| C | Docket Sheet: Cause No. 2025-37353, *Jane Doe, individually and as Next Friend of Janie Doe, Minor Child v. Deer Park Independent School District*; In the 129th Judicial District Court of Harris County, Texas |
| D | Defendant's Answer to Plaintiffs' Original Petition  (June 13, 2025) |
| E | List of Parties and Counsel of Record |
| | |
| | |

# Exhibit A

5/27/2025 4:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 101297173
By: Jarod Stirrup
Filed: 5/27/2025 4:34 PM

## 2025-37353 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| JANE DOE, INDIVIDUALLY AND AS NEXT FRIEND OF JANIE DOE, MINOR CHILD, | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| DEER PARK INDEPENDENT SCHOOL DISTRICT, | § § § | |
| *Defendant* | § | HARRIS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Jane Doe, Individually and as Next Friend of her Minor Child, Janie Doe (collectively, "Plaintiffs"),[1] and file this their Original Petition against Defendant, Deer Park Independent School District ("Defendant" or "Deer Park ISD"), and in support thereof would respectfully show the Court the following:

## I.
### INTRODUCTION

1.    This case is about an elementary school student who was continuously and systematically sexually abused by a Deer Park ISD employee while under the school district's care and supervision.

2.    Robert James Yarbrough, a Deer Park ISD bus driver, sexually abused minor children entrusted into his care, including eight-year-old Janie Doe. Yarbrough sexually assaulted Janie Doe on a Deer Park ISD school bus.

---

[1] Plaintiffs are filing suit under pseudonyms pursuant to TEX. CIV. PRAC. & REM. CODE § 30.013, as this suit involves sexual abuse of minor children.

3.      This case is also about the appalling negligence of Deer Park ISD and its administrators. Deer Park ISD did nothing at all to protect Janie Doe, or the other children under Yarbrough's supervision. Deer Park ISD was willfully indifferent in recognizing, preventing, interceding, and responding to any suspicion of—let alone actual instances of—sexual misconduct involving its administrators and students. Jane Doe now brings this suit for compensatory and punitive damages, not only to seek redress for herself and her daughter, but to ensure that Deer Park ISD stands as an example and a warning to all institutions entrusted with the care and protection of vulnerable children like Janie Doe.

## II.
### PARTIES

4.      Plaintiffs Jane Doe, Individually and as Next Friend of her Minor Child, Janie Doe, are individuals residing in Harris County, Texas.

5.      Deer Park ISD is a public school district located and operating in Harris County, Texas. Deer Park ISD may be served with process by serving its Superintendent of Schools, Stephen Harrell, at 2800 Texas Avenue, Deer Park, Texas 77536, or wherever else they may be found.

## II.
### JURISDICTION & VENUE

6.      Jurisdiction is proper in this Court because the amount of controversy is within the jurisdictional limits of this Court, and the claims are within the Court's subject matter jurisdiction.

7.      This Court also has jurisdiction over this lawsuit under the Texas Torts Claim Act because the incidents made the basis of this lawsuit involve personal injury arising from the operation or use of a motor-driven vehicle (*i.e.*, a Deer Park ISD school bus). Accordingly, Deer Park ISD has waived sovereign immunity pursuant to TEX. CIV. PRAC. & REM. CODE § 101.021.

8.    Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County and because Deer Park ISD's principal office is in Harris County. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), (3).

### III.
### DISCOVERY CONTROL PLAN & RULE 47 STATEMENT

9.    Plaintiffs intend to conduct discovery under Level 3 pursuant to TEX. R. CIV. P. 190.4.

10.    Plaintiffs are seeking monetary relief over $250,000 but not more than $1,000,000.

### IV.
### FACTUAL BACKGROUND

11.    On or about May 25, 2023, Janie Doe, was sexually assaulted by Robert James Yarbrough, a Deer Park ISD bus driver, while on a Deer Park ISD school bus. Yarbrough was seen walking Janie Doe to the rear of the bus and pushed her down onto the seat and proceed to sexually assault her. The video footage obtained from the bus showed Janie Doe go to the back of the bus, Yarbrough follows her and then begins to appear to "tickle" Janie Doe. Janie Doe then lies down in the back seat and Yarbrough is bent over her saying "one last time," which lasts for a few seconds. Yarbrough then goes back to the front of the bus.

12.    It was later discovered that Yarbrough has been "tickling" Janie Doe for two years and kissed her. Janie Doe advised that Yarbrough forced her to the back of the bus and that this has been happening since first grade. Janie Doe advised that Yarbrough usually slips his hands under her shirt and shorts. Janie Doe also advised that she gets "tickled" on her legs, arms, and under arms, and it is always in the same spots. Yarbrough also "tickled" Janie Doe on the bottom of her shorts and touched her butt.

13.    The principal of the school was notified about the "tickling" along with Janie Doe's teachers, Mrs. Fields (second grade teacher) and Mrs. Garrett (first grade teacher). Nothing was done to stop Yarbrough.

## V.
### CAUSES OF ACTION

### *Texas Torts Claims Act*

14.    Plaintiffs bring suit under the Texas Torts Claims Act, as Deer Park ISD is a governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B). Here, Deer Park ISD has waived immunity from suit because the personal injury complained of herein arises from the operation or use of motor-driven vehicle (*i.e.*, a Deer Park ISD school bus). *Id.* § 101.021.

### *Negligence and Gross Negligence*

15.    Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

16.    Deer Park ISD had a duty to protect and supervise the children in its care, including Janie Doe. Deer Park ISD also had a duty to exercise reasonable care in its hiring, supervision, and training of its employees, including Yarbrough.

17.    On information and belief, Deer Park ISD breached these duties by, among other things:

a)  Failing to exercise reasonable care in its hiring of Yarbrough and other employees;

b)  Failing to exercise reasonable care in its supervision of Yarbrough and other employees;

c)  Failing to exercise reasonable in its training of Yarbrough and other employees;

d)  Failing take steps to protect Janie Doe from Yarbrough after receiving reports of his inappropriate behavior;

e)  Failing to advise Jane Doe of Yarbrough's inappropriate behavior for her to prevent further abuse of her child;

18.     As a result of Deer Park ISD's breach of its duties as set forth herein, Plaintiffs were injured.

19.     Moreover, these acts of negligence by Deer Park ISD were of such character as to make Deer Park ISD liable for gross negligence. Deer Park ISD's acts of negligence, when viewed objectively from the standpoint of the defendant, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Deer Park ISD had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiffs. The gross negligence of Deer Park ISD was a proximate cause of the events detailed herein, Plaintiffs' injuries, and their damages. As a result of Deer Park ISD's blatant gross negligence, Plaintiffs seek exemplary damages in an amount in excess of the jurisdictional limits of this Court.

### Breach of Fiduciary Duty

20.     Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

21.     Pleading additionally and in the alternative, Deer Park ISD committed a breach of their fiduciary duties to Plaintiffs.

22.     Specifically, as alleged herein, Plaintiffs and Deer Park ISD had a fiduciary relationship, Deer Park ISD breached its fiduciary duties to Plaintiffs, and Deer Park ISD's breach of its fiduciary duties to Plaintiffs proximately caused injuries to Plaintiffs and resulted in benefit to Deer Park ISD.

### Fraud by Nondisclosure

23.     Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

24.     Pleading additionally and in the alternative, Deer Park ISD committed fraud by nondisclosure on Plaintiffs for which it is directly liable.

25.     Specifically, as alleged herein, Deer Park ISD concealed from or failed to disclose certain facts to Plaintiffs, including but not limited to the fact that it failed to conduct background checks before hiring its employees and the fact that it received complaints about Yarbrough's inappropriate behavior toward Janie Doe.

26.     Deer Park ISD had a duty to disclose these material facts to Plaintiffs. Deer Park ISD knew Plaintiffs were ignorant of these facts and that they did not have an equal opportunity to discovery these facts. Deer Park ISD was deliberately silent when it had a duty to speak, and by failing to disclose these facts, Deer Park ISD intended to induce Plaintiffs to take some action or refrain from acting. Plaintiffs relied on Deer Park ISD's nondisclosure, and they were injured as a result of acting without the knowledge of the undisclosed facts.

### *Invasion of Privacy – Intrusion Upon Seclusion*

27.     Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

28.     Pleading additionally and in the alternative, Deer Park ISD committed an invasion of privacy upon Plaintiffs for which it is directly liable.

29.     Specifically, and as alleged herein, Deer Park ISD intentionally intruded on Janie Doe's solitude, seclusion, or private affairs when their horrific sexual abuse was captured on Deer Park ISD bus surveillance. The intrusion is highly offensive to the reasonable person, and Plaintiffs suffered injuries as a result of this intrusion.

### *Intentional Infliction of Emotional Distress*

30.    Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

31.    Pleading additionally and in the alternative, Deer Park ISD committed an intentional infliction of emotional distress for which it is directly liable.

32.    Specifically, and as alleged herein, Deer Park ISD (through Yarbrough) acted intentionally or recklessly with extreme and outrageous conduct, which proximately caused Plaintiffs' severe emotional distress.

### *Negligent Infliction of Emotional Distress*

33.    Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

34.    Pleading additionally and in the alternative, Deer Park ISD committed a negligent infliction of emotional distress for which it is directly liable.

35.    Specifically, and as alleged herein, Deer Park ISD engaged in negligent activity or a willful violation of statutory duty. This conduct proximately caused Plaintiffs' severe emotional distress.

### *Violation of 20 U.S.C. § 1681 et seq. ("Title IX")*

36.    Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

37.    Title IX of the Education Amendments of 1972 protects people from discrimination based on sex in education programs or activities that receive federal financial assistance. *See* 20 U.S.C. § 1681(a).

38.     Title IX regulations apply to elementary and secondary schools, such as those within Deer Park ISD. *See* 20 U.S.C. § 1681(c).

39.     At all times relevant, Deer Park ISD and related appropriate persons had actual knowledge of the allegations complained of herein, yet deficiently responded to those allegations in a response that amounts to deliberate indifference. At no time whatsoever did Deer Park ISD extend corrective or supportive measures such as counseling, added supervision, modification of bus route assignments, or increased security and monitoring of bus drivers and routes.

40.     Yarbrough's pattern of harassment and abuse of Janie Doe was so severe, pervasive, and objectively offensive that it denied Janie Doe equal access to educational opportunities or benefits.

41.     As a direct and proximate result of Yarbrough's continuous and routine sexual assault of Janie Doe, Plaintiffs were injured.

## VI.
### DAMAGES

42.     Plaintiffs are seeking monetary relief over $250,000 but not more than $1,000,000.

### *Actual Damages*

43.     Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

44.     Plaintiffs have suffered actual damages as a direct and proximate result of the acts giving rise to this lawsuit. Plaintiffs have been deprived of their rights and privileges to attend public school with their classmates and participate in any school-related activities, such as riding a school bus. Further, Plaintiffs have suffered extreme and severe emotional distress and mental anguish as a result of Deer Park ISD's negligent and extreme and outrageous conduct described herein.

*Exemplary Damages*

45.     Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

46.     Deer Park ISD's acts and omissions complained of herein were committed knowingly, willfully, intentionally, and with actual awareness or actual malice or with deliberate indifference. In order to punish Deer Park ISD for such unconscionable actions and to deter such acts and/or omissions in the future, Plaintiffs seek recovery against Deer Park ISD of exemplary damages as provided by Chapter 41 of the Texas Civil Practice & Remedies Code.

*Attorneys' Fees*

47.     Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

48.     Request is made for all reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiffs.

## VII.
## CONDITIONS PRECEDENT

49.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred. *See* TEX. CIV. PRAC. & REM. CODE § 101.101(c).

## VIII.
## RULE 193.7 NOTICE

50.     Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs hereby give notice that they intend to use all documents produced in response to written discovery in any pre-trial matter and at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant Deer Park ISD be cited to appear and that upon a trial on the merits:

a)  Render judgment in favor of Plaintiffs against Defendant Deer Park ISD as to all claims;

b)  Award Plaintiffs all damages to which they may be entitled to at law or in equity, in an amount to be proven at trial, plus pre- and post-judgment interest at the maximum rates allowed by law;

c)  Award exemplary damages;

d)  Award Plaintiffs their reasonable attorneys' fees and litigation expenses; and

e)  All other relief, whether at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF RICHARD J. PRESUTTI, P.C.

By:

**RICHARD J. PRESUTTI**
SBN: 24004196
**MEREDITH M. SMITH**
SBN: 24094127
**ANTHONY T. PRESUTTI**
SBN: 24109078
**SARAH WHITEHEAD**
SBN: 24135406
525 North Sam Houston Pkwy E, Suite 600
Houston, Texas 77060
Telephone: (281) 260-6825
Facsimile: (281) 260-6842
rich@rjpresuttilaw.com

**ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anthony Presutti on behalf of Richard Presutti
Bar No. 24004196
anthony@rjpresuttilaw.com
Envelope ID: 101297173
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 5/27/2025 4:44 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Presutti | 24004196 | RICH@RJPRESUTTILAW.COM | 5/27/2025 4:34:06 PM | SENT |

# Exhibit B

5/29/2025 9:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 101368271
By: Shanelle Taylor
Filed: 5/29/2025 9:34 AM

Receipt Number: 1056154
Tracking Number: 74486709

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202537353

| | |
|---|---|
| PLAINTIFF: DOE, JANE (INDIVIDUALLY AND AS NEXT FRIEND OF DOE, JANE) (A MINOR | In the 129th Judicial |
| vs. | District Court of |
| DEFENDANT: DEER PARK INDEPENDENT SCHOOL DISTRICT | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: DEER PARK INDEPENDENT SCHOOL DISTRICT MAY BE SERVED BY ITS REGISTERED AGENT
SUPERINTENDENT OF SCHOOLS STEPHEN HARRELL

2800 TEXAS AVENUE

DEER PARK TX 77536 OR WHEREVER ELSE THEY MAY BE FOUND

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on May 27, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this May 27, 2025.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
PRESUTTI, RICHARD JOHN
525 N SAM HOUSTON PKWY E SUITE 600
HOUSTON, TX  77060
281-260-6825
Bar Number: 24004196

Tracking Number: 74486402

CAUSE NUMBER: 202537353

PLAINTIFF: DOE, JANE (INDIVIDUALLY AND AS          In the 129th
NEXT FRIEND OF DOE, JANE) (A MINOR

     vs.                                          Judicial District Court

DEFENDANT: DEER PARK INDEPENDENT SCHOOL           of Harris County, Texas
DISTRICT

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock _____ M., on the _____ day of
_____, 20 _____,

by delivering to _____ defendant,

in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the
_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____          _____

                               _____ of _____

County, Texas

_____          By: _____
           Affiant                                        Deputy

On this day, _____, known to me to be
the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                                            _____

Notary Public



Unofficial Copy Office of Marilyn Burgess District Clerk

## CAUSE NUMBER: 2025-37353

**JANE DOE, INDIVIDUALLY AND AS NEXT
FRIEND OF JANIE DOE, MINOR CHILD
PLAINTIFF**

**VS.**                                    **IN THE 129TH JUDICIAL DISTRICT
                                         COURT OF HARRIS COUNTY, TEXAS**

**DEER PARK INDEPENDENT SCHOOL
DISTRICT
DEFENDANT**

### RETURN OF SERVICE

My name is **TRUMAN JOSEPH HANNA**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Wednesday May 28, 2025 AT 11:32 AM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **DEER PARK INDEPENDENT SCHOOL DISTRICT BY SERVING ITS SUPERINTENDENT, STEPHEN HARRELL**.

On **Wednesday May 28, 2025** at **02:22 PM -** The above named documents were hand delivered to: **DEER PARK INDEPENDENT SCHOOL DISTRICT C/O ITS SUPERINTENDENT, STEPHEN HARRELL BY DELIVERING TO STEVE CORRY, DEPUTY SUPERINTENDENT @ 2800 TEXAS AVENUE**, **DEER PARK**, **TX 77536**, **in Person.**

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                        DECLARATION

"My name is **TRUMAN JOSEPH HANNA**, I am over the age of Eighteen**,** my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Wednesday May 28, 2025**

_____    _

**PSC#13698 EXP. 02/28/26**
Declarant; Appointed in accordance with State Statutes.

2025.05.1027011

efile@courtrecords.com

# Exhibit C

# 2025-37353

**COURT:**   129th

**FILED DATE:**   5/27/2025

**CASE TYPE:**   Other Injury or Damage



---

**DOE, JANE (INDIVIDUALLY AND AS NEXT FRIEND OF DOE, JANE) (A MINOR**

Attorney: PRESUTTI, RICHARD JOHN

**vs.**

**DEER PARK INDEPENDENT SCHOOL DISTRICT**

Attorney: GILBERT, CHRISTOPHER BLEWER

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

## Chronological Case History

| **Style** | DOE, JANE (INDIVIDUALLY AND AS NEXT FRIEND OF DOE, JANE) (A MINOR vs. DEER PARK INDEPENDENT SCHOOL DISTRICT | | | |
|---|---|---|---|---|
| **Case Number** | 202537353 | **Case Status** | Active - Civil | **Case Type** | PERSONAL INJ (NON-AUTO) |
| **File Court** | 129 | **File Date** | 5/27/2025 | **Next Setting** | N/A |

| Date | Type | Description |
|---|---|---|
| 5/27/2025 | DOCUMENT | ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** PRESUTTI, RICHARD JOHN **PERSON FILING:** DOE, JANE (INDIVIDUALLY AND AS NEXT FRIEND OF DOE, JANE) (A MINOR |
| 5/27/2025 | DOCUMENT | ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** PRESUTTI, RICHARD JOHN **PERSON FILING:** DOE, JANE (A MINOR CHILD) |
| 5/28/2025 12:00:00 AM | SERVICE | **PERSON SERVED:** DEER PARK INDEPENDENT SCHOOL DISTRICT MAY BE SERVED BY ITS REGISTERED **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 6/13/2025 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** GILBERT, CHRISTOPHER BLEWER **PERSON FILING:** DEER PARK INDEPENDENT SCHOOL DISTRICT |

# Exhibit D

6/13/2025 1:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 101995906
By: Shanelle Taylor
Filed: 6/13/2025 1:10 PM

CAUSE NO. 2025-37353

| | | |
|---|---|---|
| JANE DOE, individually and as | § | IN THE DISTRICT COURT OF |
| Next Friend of JANIE DOE, MINOR CHILD | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DEER PARK INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant*. | § | 129th JUDICIAL DISTRICT |

### DEFENDANT DEER PARK INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER

Defendant Deer Park Independent School District (the "District") files this Original Answer as follows:

## I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Deer Park Independent School District generally denies all of the allegations in Plaintiffs' Original Petition, and demands strict proof thereof by a preponderance of the evidence.

## II.
### AFFIRMATIVE AND OTHER DEFENSES

In asserting the following defenses, the District does not admit that it has the burden of proving the allegations or denials contained in the defenses, but, to the contrary, asserts that Plaintiffs have the burden of proving the facts relevant to many of the defenses, and the burden of proving the inverse of the allegations contained in many of the defenses. Moreover, by asserting any defense, the District does not admit any liability, but, to the contrary, specifically denies any

and all allegations of liability in Plaintiffs' Original Petition.  Without admitting liability as to any of Plaintiffs' allegations, the District asserts the following defenses and affirmative defenses:

1.      Plaintiffs' negligence, gross negligence, breach of fiduciary duty, fraud, invasion of privacy and/or intrusion upon seclusion claims, intentional infliction of emotional distress, and negligent infliction of emotional distress claims against the District are barred by governmental immunity.

2.      The court lacks subject-matter jurisdiction over Plaintiffs' claims.

3.      Plaintiffs' claims against Defendants under Title IX fail as a matter of law.

4.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff Jane Doe lacks standing to assert claims in her individual capacity.

5.      Plaintiffs have failed to state a valid claim upon which relief may be granted.

6.      Plaintiffs have failed to exhaust their administrative remedies.

7.      Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to mitigate their damages, if any.

8.      Any claim for emotional distress damages under Title IX fails as a matter of law. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022).

9.      Any claim for punitive or exemplary damages under Title IX or for a tort claim fails as a matter of law.  *Barnes v. Gorman*, 536 U.S. 181, 185-88 (2002) (Title IX); TEX. CIV. PRAC. & REM. CODE § 101.024 (torts).

### III.
### PRAYER

Defendant Deer Park Independent School District respectfully requests that the Court issue a judgment that Plaintiffs take nothing on their claims, assess court costs against Plaintiffs, and award Defendant all other relief to which it is entitled, at law or in equity.

Respectfully submitted,

**THOMPSON & HORTON LLP**


By:  /s/ Christopher B. Gilbert
        Christopher B. Gilbert
        Texas Bar No. 00787535
        cgilbert@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
Telephone: (713) 554-6714
Facsimile:  (713) 583-9611

**ATTORNEYS FOR DEFENDANT DEER PARK INDEPENDENT SCHOOL DISTRICT**

## <u>CERTIFICATE OF SERVICE</u>

On June 13, 2025, I electronically served the foregoing document on the following counsel of record pursuant to the Texas Rules of Civil Procedure:

Richard J. Presutti
Meredith M. Smith
Anthony T. Presutti
Sarah Whitehead
The Law Office of Richard J. Presutti, P.C.
525 North Sam Houston Parkway E, Suite 600
Houston, TX  77060


By: /s/ Christopher B. Gilbert
Christopher B. Gilbert

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Gilbert on behalf of Chris Gilbert
Bar No. 00787535
cgilbert@thompsonhorton.com
Envelope ID: 101995906
Filing Code Description: Answer/ Response / Waiver
Filing Description: Original Answer
Status as of 6/13/2025 1:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Anthony Presutti | 24109078 | anthony@rjpresuttilaw.com | 6/13/2025 1:10:36 PM | SENT |
| Richard Presutti | 24004196 | RICH@RJPRESUTTILAW.COM | 6/13/2025 1:10:36 PM | SENT |

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, individually and as | § | |
| Next Friend of JANIE DOE, MINOR CHILD, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| DEER PARK INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

## **PARTIES AND COUNSEL OF RECORD**

**Plaintiffs:**      Jane Doe, individually and as Next Friend of Janie Doe, Minor Child

**Counsel**:        Richard J. Presutti
                    Meredith M. Smith
                    Anthony T. Presutti
                    Sarah Whitehead
                    The Law Office of Richard J. Presutti, P.C.
                    525 North Sam Houston Parkway E, Suite 600
                    Houston, TX  77060
                    Telephone: (281) 260-6825
                    rich@rjpresuttilaw.com

**Defendant**:      Deer Park Independent School District

**Counsel**:        Christopher B. Gilbert
                    Texas Bar No. 00787535
                    Southern District No. 17283
                    cgilbert@thompsonhorton.com
                    3200 Southwest Freeway, Suite 2000
                    Houston, Texas 77027
                    Telephone: (713) 554-6744
                    Facsimile: (713) 583-8884