IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, individually and as | § | |
| Next Friend of JANIE DOE, MINOR CHILD, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.  4:25-cv-02778 |
| | § | |
| DEER PARK INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S MOTION TO DISMISS

Christopher B. Gilbert
Morgan P. Beam
**THOMPSON & HORTON LLP**
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6744
Facsimile: (713) 583-8884
cgilbert@thompsonhorton.com
mbeam@thompsonhorton.com

**ATTORNEYS FOR THE DEFENDANT**

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF PROCEEDING ...................................................................1

ISSUES PRESENTED ...........................................................................................2

STANDARDS OF REVIEW .....................................................................................3

A.  Rule 12(b)(1): Lack of Subject-Matter Jurisdiction...............................3

B.  Rule 12(b)(6): Failure to State a Claim.................................................3

ARGUMENT AND AUTHORITIES .............................................................................5

A.  Plaintiffs' tort claims fail for lack of subject-matter jurisdiction because they are barred by governmental immunity ........................................5

B.  Jane Doe (mother) lacks standing to assert an individual Title IX claim ...........................7

C.  The Court should dismiss Plaintiffs' Title IX claim because they failed to plead sufficient facts suggesting an appropriate official had actual knowledge of sexual abuse or assault and responded with deliberate indifference ........................................................................................7

D.  The Court should dismiss Plaintiffs' claim for punitive and emotional distress damages with prejudice.............................................................12

CONCLUSION...................................................................................................13

CERTIFICATE OF SERVICE ................................................................................14

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973 (S.D. Tex. 2014) .......................5

*Alegria v. State of Texas*, 2007 WL 3256586 (S.D. Tex., Nov. 2, 2007) ................................9, 10

*Ashcroft v. Iqbal*,   556 U.S. 662 (2009)..........................................................3, 4, 12

*Austin v. Hood County*, 2007 WL 631278 (N.D. Tex. March 1, 2007)...........................................5

*Ayala v. Omogbehin*, 2016 WL 7374224 (S.D. Tex. Dec. 20, 2016) ...........................................12

*Ayon v. Austin Indep. Sch. Dist.*, 2025 WL 560228 (5th Cir. 2025).....................................8

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988)..........................................3

*Barnes v. Gorman*, 536 U.S. 181 (2002)  ...........................................................12

*Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978)........................................................5

*Bell Atlantic Corp. v. Twombly*, 50 U.S. 544 (2007)..........................................3, 4

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995).........................................3

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993)..........................................................6

*Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905 (S.D. Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992).....................................5, 6

*Campbell v. Dundee Community Schools*, 661 Fed.Appx. 884 (6th Cir. 2016) .......................9, 10

*Carter v. Target Corp.*, 541 Fed. App'x 413 (5th Cir. 2013) .......................................4

*Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859 (Tex. App.--Texarkana 1994, no writ).........................................................5

*Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022) .......................2, 12

*Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999).....................................2, 7, 9

*Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589 (Tex. App.--Austin 1991, error denied)...........................................................5

*Doe v. Bridgeport Indep. Sch. Dist.*, No. 3:94–CV–1889–D, 1996 WL 734949 (N.D. Tex. Dec. 11, 1996) .........................................................7

*Doe v. Flaherty*. 623 F.3d 577 (8th Cir. 2010) ...................................................11

*Doe v. Northside Indep. Sch. Dist.*, 884 F.Supp.2d 485 (W.D. Tex. 2012)...................................10

*Doe v. Prosper Indep. Sch. Dist.*, No. 4:22-CV-00814, 2024 WL 1329917 (E.D. Tex. Mar. 27, 2024) ........................................................................................................6

*Doe v. St. Francis Sch. Dist.*, 694 F.3d 869 (7th Cir. 2012)...........................................10

*Doe v. Tex. A&M Univ.*, 634 F. Supp. 3d 365 (S.D. Tex. 2022) ....................................8

*Erickson v. Pardus*, 551 U.S. 89 (2007) ......................................................................4

*Estate of Garza v. McAllen Indep. Sch. Dist.*, 613 S.W.2d 526 (Tex. Civ. App.-- Beaumont 1981, writ ref'd n.r.e.) ................................................................................6

*Gabrielle M. v. Park Forest-Chicago Heights Sch. Dist.*, 315 F.3d 817 (7th Cir. 2003) ...........................................................................................................................10

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998) ..............................2, 7, 8, 10, 11, 12

*Gonzales v. Brown*, 768 F. Supp. 581 (S.D. Tex. 1991) ................................................6

*Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479 (6th Cir. 2006) ..........................10, 11

*Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617 (Tex. 1987) ...............................5, 6

*Howery v. Allstate Ins. Co.,* 243 F.3d 912 (5th Cir. 2001) ..............................................3

*J.F.K. v. Troup County Sch. Dist.*, 678 F.3d 1254 (11th Cir. 2012)................................11

*Jane Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 2025 WL 1678080 (S.D. Tex. 2025) ...........................................................................................................................13

*K.B. v. Daleville City Bd. of Educ.*, 2013 WL 5422685 (11th Cir., Sept. 30, 2013) .....................10

*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994) .................................3

*Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994).....................................3

*LeLeaux v. Hamshire-Fannett Ind. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992)...............................5, 6

*McDaniel v. Crowley Indep. Sch. Dist.*, 2025 WL 876777 (Tex. App. Mar. 20, 2025) ...........................................................................................................................5

*McGowan v. S. Methodist Univ.*, 715 F. Supp. 3d 937 (N.D. Tex. 2024) ......................13

*Monroe v. Aldine Indep. Sch. Dist.*, 2024 WL 3627777 (S.D. Tex. 2024).....................5, 6

*Norman v. Apache Corp.*, 19 F.3d 1017 (5th Cir. 1994) ....................................................3

*Papasan v. Allain*, 478 U.S. 265 (1986) ...........................................................................4

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001), *cert denied*, 536 U.S. 960 (2002)....................................................................................................................................3

*Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006)..................................5

*Rosa H. v. San Elizario Sch. Dist.*, 106 F.3d 648 (5th Cir. 1997) ..................................10

*Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006 (5th Cir.), *cert. denied*, 519 U.S. 861 (1996).......................................................................................................................2

*Smith v. Houston Indep. Sch. Dist.*, 229 F. Supp. 3d 571 (S.D. Tex. 2017) ...................5

*Stockman v. Federal Election Comm'n,* 168 F.3d 144 (5th Cir. 1998) ............................3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, individually and as<br>Next Friend of JANIE DOE, MINOR CHILD,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DEER PARK INDEPENDENT SCHOOL<br>DISTRICT,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-cv-02778 |

## DEFENDANT'S MOTION TO DISMISS

Defendant Deer Park Independent School District ("DPISD" or the "District") moves to dismiss all claims asserted against it by Plaintiff Jane Doe, individually and on behalf of her next friend Janie Doe, a minor child, ("Plaintiffs"), as follows:

### NATURE AND STAGE OF PROCEEDING

Janie Doe was an eight-year-old student at Deer Park Independent School District during the 2022-2023 school year. Petition, ¶¶ 2, 11. Plaintiffs alleged that on May 25, 2023, DPISD bus driver Robert Yarborough was seen "sexually assault[ing]" Janie on the bus. *Id*. Although the Petition uses boilerplate labels and conclusions such as "continuously and systematically sexually abused", *id*. at ¶ 2, and "sexually assault[ed]," *id*. at ¶ 11, the only facts alleged as to what was reported to beknown by the District is that Yarborough "tickled" Janie Doe at the back of the bus; that Janie Doe lay down on the bus seat and that Yarbrough bent over her and said "one last time," and that it lasted for "a few seconds." *Id*. at ¶ 11. While the Petition suggests that more serious and systematic behavior was "later discovered", *id*. at ¶ 12, there are no allegations that that behavior was reported to or known by the District until some later point in time. There are no facts

alleged that Janie Doe was subjected to similar behavior by Yarbrough after the report was made on May 25, 2023.

On May 27, 2025, Plaintiffs filed a lawsuit in state court against Defendant Deer Park Independent School District alleging negligence, gross negligence, breach of fiduciary duty, fraud, invasion of privacy and/or intrusion upon seclusion claims, intentional infliction of emotional distress, and negligent infliction of emotional distress, as well as a claim under 20 U.S.C. § 1681 *et seq.* ("Title IX"). That lawsuit was removed to federal court on June 13, 2025 based on the Title IX claim. The District now moves to dismiss all claims against it.

## ISSUES PRESENTED

1. As a public school district, DPISD retains governmental immunity from suit absent an express legislative waiver. The District is immune from all tort liability except for tort claims involving the negligent operation of a motor vehicle. TEX. CIV. PRAC. & REM. CODE § 101.051. Should the Court dismiss Plaintiff's tort claims with prejudice pursuant to Rule 12(b)(1) because they failed to demonstrate a valid waiver of DPISD's governmental immunity?

2. "[N]othing in the statutory language provides [a parent] with a personal claim under Title IX." *Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006, 1010 n.4 (5th Cir.), *cert. denied*, 519 U.S. 861 (1996). Should the Court dismiss Jane Doe's individual Title IX claim for lack of standing?

3. In order to assert a valid Title IX claim, a plaintiff must allege facts suggesting that (i) an "appropriate person"—*i.e.*, "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf" has actual knowledge of the harassment; and (ii) responds with deliberate indifference. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291–92 (1998). This is a "high standard"— the Supreme Court has made clear that damages liability cannot be imposed under Title IX based on agency principles or a negligence standard. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642 (1999). Should the Court dismiss Plaintiffs' Title IX claim because they cannot establish the essential elements of their claim?

4. Should the Plaintiffs' claims for punitive or exemplary damages be dismissed, because there is no basis for such damages against a Texas school district?

5. Should the Plaintiffs' claims for emotional distress (and related) damages be dismissed, because they are no longer available under Title IX after *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022)?

<u>S</u>TANDARDS OF <u>R</u>EVIEW

**A.      Rule 12(b)(1): Lack of Subject-Matter Jurisdiction**

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution or by statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, courts should consider a Rule 12(b)(1) jurisdictional argument before addressing any argument on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert denied*, 536 U.S. 960 (2002). Courts should properly dismiss an action whenever it appears that jurisdiction is lacking. *Stockman v. Federal Election Comm'n,* 168 F.3d 144, 151 (5th Cir. 1998).

**B.      Rule 12(b)(6): Failure to State a Claim**

Dismissal of a lawsuit on the pleadings is proper where there is either (i) a lack of a cognizable theory of recovery, or (ii) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Phrased differently, a claim may be dismissed if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). While a court will accept a plaintiff's factual allegations as true, the factual allegations must exist; "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,  556 U.S. 662, 678 (2009). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified

Rule 8's specificity standards for pleadings, holding that all pleadings must "provide the 'grounds' of [the party's] 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This standard "governs . . . in all civil actions and proceedings in the United States district courts." *Iqbal*, 556 U.S. at 684.

When deciding whether a pleading satisfies the *Twombly/Iqbal* standard, a court must first determine if the asserted claims go beyond mere labels and conclusions and a formulaic recitation of elements, if any. "[N]aked assertion[s] devoid of further factual enhancement" will no longer suffice. *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). To properly plead a claim, then, the plaintiff must give a defendant not only fair notice of the claim being asserted, but "the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations and quotations omitted) (per curiam). "[T]he tenet that a court must accept as true all of the allegations contained in [a pleading] is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Mere assertions of legal conclusions "are not entitled to assumption of truth"—they "must be supported by factual allegations." *Id.* at 678–79. Additionally, if a plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint (or attached to the motion to dismiss that is central to the plaintiff's claims and referenced by the complaint), then those contradicted allegations cannot be accepted as true under Rule 12(b)(6). *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013).

## ARGUMENT AND AUTHORITIES

**A.    Plaintiffs' tort claims fail for lack of subject-matter jurisdiction because they are barred by governmental immunity.**

Plaintiffs claim the District breached a fiduciary duty to Janie Doe, and as a result engaged in negligence, gross negligence, breach of fiduciary duty, fraud, invasion of privacy and/or intrusion upon seclusion claims, intentional infliction of emotional distress, and negligent infliction of emotional distress. However, DPISD is a Texas public school district. As such, it retains its governmental immunity from all common law claims unless the Texas Legislature has expressly waived immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.025; *LeLeaux v. Hamshire-Fannett Ind. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). Governmental immunity deprives a court of subject-matter jurisdiction, and requires dismissal of claims with prejudice. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Austin v. Hood County*, 2007 WL 631278, *2 & n.2 (N.D. Tex. March 1, 2007).

Courts have found that school districts are immune from all of the various torts pled by the Plaintiffs in this case. *See Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978) (negligence); *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992) (negligence); *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617 (Tex. 1987) (negligence); *Monroe v. Aldine Indep. Sch. Dist.*, 2024 WL 3627777, at *2 (S.D. Tex. 2024) (gross negligence); *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 1006 (S.D. Tex. 2014) (negligence and gross negligence, intentional infliction of emotional distress); *McDaniel v. Crowley Indep. Sch. Dist.*, 2025 WL 876777, at *5 (Tex. App. Mar. 20, 2025) (breach of fiduciary duty); *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 594 (Tex. App.--Austin 1991, error denied) (fraud); *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859 (Tex. App.--Texarkana 1994, no writ) (invasion of privacy); *Smith v. Houston Indep. Sch. Dist.*, 229 F. Supp. 3d 571, 578 (S.D. Tex. 2017) (intentional infliction of emotional distress); *Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905, 908 (S.D.

Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992) (intentional infliction of emotional distress); *Gonzales v. Brown*, 768 F. Supp. 581, 584 (S.D. Tex. 1991) (negligent infliction of emotional distress). The negligent infliction of emotional distress should also be dismissed because Texas does not recognize a cause of action for negligent infliction of emotional distress. *See Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993) ("We hold that there is no general duty in Texas not to negligently inflict emotional distress.")

The Texas Tort Claims Act provides a limited waiver of immunity for school districts for tort claims involving the negligent operation of a motor vehicle. TEX. CIV. PRAC. & REM. CODE § 101.051. However, it is well-established that the Texas Tort Claims Act does not waive immunity where the vehicle merely provides the *site* of a plaintiff's injuries, without more. *See Monroe v. Aldine Indep. Sch. Dist.*, 2024 WL 3627777, at *2 (S.D. Tex. July 31, 2024); *Doe v. Prosper Indep. Sch. Dist.*, No. 4:22-CV-00814, 2024 WL 1329917, at *5 (E.D. Tex. Mar. 27, 2024) ("[Plaintiff's] injuries arose from [the bus driver's] intentional tort of sexual assault, and the school bus simply furnished the condition that made [the bus driver's] intentional tort possible. [Plaintiff's] injuries did not arise from the operation or use of a motor-driven vehicle. Therefore, § 101.021 of the TTCA does not waive immunity in this instance."); *LeLeaux*, 835 S.W.2d at 51–52 (characterizing § 101.021's waiver of immunity as "limited" and explaining that "[w]hen an injury occurs on a school bus but does not arise out of the use or operation of the bus, and the bus is only the setting for the injury, immunity for liability is not waived"); *Hopkins*, 736 S.W.2d at 619 ("Several Texas courts have held that when the injuries are not the proximate result of the use or operation of the school bus, but the bus provides the setting for the injury, the actions do not fall within the section 101.051 exception to immunity."); *Estate of Garza v. McAllen Indep. Sch. Dist.*, 613 S.W.2d 526, 528 (Tex. Civ. App.--Beaumont 1981, writ ref'd n.r.e.) ("The allegations of negligence are related to the direction, control and supervision of students rather than the

negligent use of the motor vehicle itself.  While it is true that the unfortunate event took place on a motor vehicle, it was not through the motor vehicle's use or operation of the motor vehicle itself that the incident occurred.").

For the foregoing reasons, Plaintiffs' claims for negligence, gross negligence, breach of fiduciary duty, fraud, invasion of privacy and/or intrusion upon seclusion claims, intentional infliction of emotional distress, and negligent infliction of emotional distress must be dismissed as a matter of law, and for lack of jurisdiction of the Court,

**B.    Jane Doe (mother) lacks standing to assert an individual Title IX claim.**

Jane Doe filed suit as in individual party and on her daughter Janie Doe's behalf.  However, it is well settled that parents of students do not have standing to pursue individual Title IX claims. *Rowinsky v. Bryan Indep. Sch. Dist*., 80 F.3d 1006, 1010 n.4 (5th Cir. 1996), *overruled on other grounds, Davis*, 526 U.S. 629; *see also Doe v. Bridgeport Indep. Sch. Dist*., No. 3:94–CV–1889–D, 1996 WL 734949 at *2 (N.D. Tex. Dec. 11, 1996) (Fitzwater, J.) ("[A parent] does not have standing to assert a personal claim under Title IX.").  Consequently, Jane Doe's individual Title IX claim should be dismissed as a matter of law.

**C.    The Court should dismiss Plaintiffs' Title IX claim because they failed to plead sufficient facts suggesting an appropriate official had actual knowledge of sexual abuse or assault and responded with deliberate indifference.**

Title IX states that no person, "shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance."  20 U.S.C. § 1681(a).   The primary purpose of this statute is to prevent entities that receive federal financial assistance from using the funds in a discriminatory manner.  *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998).

*Gebser* involved an adult teacher who engaged in sexual intercourse with a freshman student.  The Supreme Court rejected both vicarious liability and constructive knowledge as

liability standards. *Gebser*, 524 U.S. at 286-88.  Rather, claimants must show "actual knowledge" of the harassment by an "official of the recipient entity with authority to take corrective action to end the discrimination."  *Id.* at 290.  The claimant further must show that the official responded with "deliberate indifference," despite being provided "an opportunity for voluntary compliance." *Id*. at 289-90.  The premise "is an *official decision* by the recipient not to remedy the violation." *Id.* (emphasis added).  This standard avoids the "risk that the recipient would be liable in damages not for its own official decision but instead for its employees' independent actions."  *Id.* at 290. "When the school board accepted federal funds, it agreed not to discriminate on the basis of sex. We think it unlikely that it further agreed to suffer liability whenever its employees discriminate on the basis of sex."  *Id.* at 288.

Ultimately this case is no different from *Ayon v. Austin Indep. Sch. Dist.*, 2025 WL 560228 (5th Cir. 2025).  In *Ayon*, a bus driver repeatedly sexual molested a special needs student on the school bus he drove for Austin ISD.  After the student revealed to her mother that the driver had been touching her, the mother contacted the school district, and the driver was placed on leave while an investigation occurred.  The driver was eventually arrested and fired.  In rejecting a Title IX claim, the Fifth Circuit held:

> Plaintiffs in this circuit have a traditional Title IX claim where an "appropriate person" had "'actual knowledge' of the discrimination" and responded with "deliberate indifference" despite being provided "an opportunity for voluntary compliance." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 289–90, 118 S.Ct. 1989, 1999 (1998). Such claims presuppose that "an official who is advised of a Title IX violation refuses to take corrective action." *Id.* at 290, 118 S. Ct. at 1999.  They are "based on allegations that the defendants failed to address sexually hostile environments after receiving reports of sexual assault." *Doe v. Tex. A&M Univ.*, 634 F. Supp. 3d 365, 376 (S.D. Tex. 2022) (collecting cases).

*Id*. at *5.  The Court held that the fact that the driver was immediately fired "exemplify anything but failing to address sexually hostile environment…"  *Id*.  Here, there are no *facts* alleged to support a claim that school district officials were deliberately indifferent after Yarborough's

behavior towards Janie Doe was first reported on May 25, 2023.

With regards to the more serious misbehavior alleged in paragraph 12 to have been "later discovered," (Petition, p. 3, ¶ 12), there are no factual allegations that an appropriate person was aware of it while Yarborough was still employed.  As such, this case is not much different than *Campbell v. Dundee Community Schools*, 661 Fed.Appx. 884 (6th Cir. 2016).  In *Campbell*, a middle school student was the victim of repeated sexual abuse by her basketball coach.  As the court noted, "Neff instructed Doe to keep their relationship secret, and Doe testified that she did not disclose the relationship to anyone. There is no witness testimony suggesting anyone knew of the sexual relationship while it was ongoing." *Id*. at 886.  The athletic director received complaints that Neff was sitting in the back of the bus when the team traveled and texting students, that Neff favored Doe, and one parent complained that Doe had a crush on Neff which he wasn't doing enough to discourage, which was causing friction among team members, *id*. – but nobody knew about the sexual relationship.  In upholding the dismissal of the Title IX claim, the Sixth Circuit ruled that "[i]f there was no notice to school officials of a risk of sexual harassment occurring, then there was no deliberate indifference toward the risk."  *Id*. at 889.  Likewise, DPISD officials here could not have been deliberately indifferent to the more serious touching allegations if there are no factual allegations that an appropriate person was made aware of those allegation until "later."

To the extent that the Plaintiffs are arguing that the District should have had knowledge of the more serious behavior based on the "tickling" behavior that she describes (*see* Petition ¶¶ 11-12), "actual knowledge" means that an appropriate school official had knowledge of specific sexual incidents by a specific offender.  *See generally Davis v. Monroe County Sch. Bd.*, 526 U.S. 629, 646-647 (1999) (stating that recipients may be liable when they are deliberately indifferent to "known acts" of sexual harassment).  The official must have actual knowledge of facts demonstrating a substantial risk of serious harm.  *See Alegria v. State of Texas*, 2007 WL 3256586

at *9 (S.D. Tex., Nov. 2, 2007) (*citing Rosa H. v. San Elizario Sch. Dist.*, 106 F.3d 648, 658 (5th Cir. 1997)). A generalized risk of harassment is insufficient. *Doe v. St. Francis Sch. Dist.*, 694 F.3d 869, 871 (7th Cir. 2012) (citation omitted) (actual knowledge means that the school official had "actual knowledge of misconduct, not just actual knowledge of the risk of misconduct"). The student's allegations must be specific. *See, e.g., Gabrielle M. v. Park Forest-Chicago Heights Sch. Dist.*, 315 F.3d 817, 822 (7th Cir. 2003) (child's vague statement failed to explain "when, where, or how often this alleged conduct occurred and whether it was reported").

Vague concerns about "inappropriate" or possibly suggestive behavior are insufficient to show notice of sexual abuse or assault. In *Gebser*, the Supreme Court held that the principal's prior knowledge of sexually suggestive comments by the teacher was "plainly insufficient" to alert the principal to the possibility of a sexual relationship between the teacher and the plaintiff. *Gebser*, 524 U.S. at 291; *see also Doe v. St. Francis Sch. Dist.*, 694 F.3d 869, 872 (7th Cir. 2012) (holding that there was no "actual knowledge" of a relationship between an 8th grade student and a teacher despite reports by other teachers that they suspected an "improper" relationship between the teacher and the student; "to know that someone suspects something is not to know the something and does not mean the something is obvious"); *Doe v. Northside Indep. Sch. Dist.*, 884 F.Supp.2d 485, 497 (W.D. Tex. 2012) (finding no actual knowledge of abuse despite allegations that teacher had "boundary" issues, hugged plaintiff, and gave chest bumps); *K.B. v. Daleville City Bd. of Educ.*, 2013 WL 5422685 at *6 (11th Cir., Sept. 30, 2013) (allegation from students that school employee was continuously "undressing them with his eyes" was insufficient notice). In the *Campbell* case discussed above, the Court ruled that "[c]ommunications at odd hours, inappropriate counseling, unchaperoned off-campus activities, and inappropriate interactions with team members" do not provide notice that sexual harassment is occurring. *Campbell*, 661 Fed.Appx. at 888 (citing *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 490 (6th Cir.

2006)).

In a similar case, *Doe v. Flaherty*. 623 F.3d 577 (8th Cir. 2010), the court found no notice despite allegations that the student left her economics class to visit the coach and allegedly sat on his desk while she wearing her cheerleader uniform. "A student's familiar behavior with a teacher or even an 'excessive amount of time' spent with a teacher, without more, does not 'automatically give rise to a reasonable inference of sexual abuse." *Id.* at 585 (citation omitted). Allegations of improper texting also were not enough. "Even the most suggestive message, … 'OMG you look good today,' did not go so far as to suggest actual sexual conduct or sexual abuse." *Id*. at 585. Likewise, a "vague inquiry" about whether "something was going on" also was insufficient to provide notice of sexual abuse.

In *J.F.K. v. Troup County Sch. Dist*., 678 F.3d 1254 (11th Cir. 2012), the Eleventh Circuit ruled that a principal did not have actual notice sufficient to alert him to the possibility that a teacher (Gaddy) was sexually abusing the student plaintiff, even when the principal knew about complaints from teachers and parents that Gaddy was constantly sending the plaintiff and other students text messages; that Gaddy bought Christmas gifts for the plaintiff that his father thought were inappropriately expensive; that Gaddy took the plaintiff home in her car against the father's wishes; that Gaddy and the plaintiff had been seen sharing a towel at a pool party and spending time alone inside the house, and later sharing a blanket with their legs touching on Gaddy's sofa; that another employee thought that Gaddy was too fond of the plaintiff, and that another student's parent worried that Gaddy was "possessive" of the plaintiff by not letting any other girl "like" the plaintiff but Gaddy's daughter. *Id*. at 1261.

Under *Gebser* and the other cases discussed above, the fact that Yarborough "tickled" Janie Doe, while certainly inappropriate, would have been insufficient to place the DPISD administration on notice at that time of the possibility that Yarborough was sexually abusing or

assaulting Janie Doe.  Under *Iqbal*, 556 U.S. at 678, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Here, Plaintiffs' conclusory and vague assertions are insufficient to state a claim under *Gebser* and *Iqbal*.  For these reasons, DPISD moves to dismiss the Title IX claim against it.

**D.    The Court should dismiss Plaintiffs' claim for punitive and emotional distress damages with prejudice.**

As a matter of law, punitive damages are unavailable under Title IX.  *Barnes v. Gorman*, 536 U.S. 181, 185-88 (2002) (Title IX); *see also Ayala v. Omogbehin*, 2016 WL 7374224, \*4–5 (S.D. Tex. Dec. 20, 2016) (dismissing plaintiff's claims for punitive damages under Title IX) (citing *Gebser*, 524 U.S. at 286).  Likewise, punitive or exemplary damages are unavailable for tort claims against school districts.  *See* TEX. CIV. PRAC. & REM. CODE § 101.024.  Plaintiffs' claim for punitive damages must be dismissed as a matter of law under all theories.

Plaintiffs likewise seek damages for "extreme and severe emotional distress and mental anguish."  (Petition, p. 8, ¶ 44).  Plaintiffs' claim for emotional distress or pain and suffering damages under Title IX has been rendered moot by a recent Supreme Court decision.  In *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022), the Supreme Court ruled that emotional distress damages are not available under federal statutes passed pursuant to the Spending Clause, because emotional distress damages are not generally compensable in contract:

> There is thus no basis in contract law to maintain that emotional distress damages are "traditionally available in suits for breach of contract," *Barnes*, 536 U.S. at 187, 122 S.Ct. 2097, and correspondingly no ground, under our cases, to conclude that federal funding recipients have "clear notice," *Arlington*, 548 U.S. at 296, 126 S.Ct. 2455, that they would face such a remedy in private actions brought to enforce the statutes at issue.
> \* \* \*
> For the foregoing reasons, we hold that emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes we consider here.

*Id*. at 1576. Although *Cummings* was not a Title IX case, Title IX is a Spending Clause statute,

and subsequent courts have confirmed that *Cummings* also prohibits emotional distress damages under Title IX.  *See, e.g., McGowan v. S. Methodist Univ.*, 715 F. Supp. 3d 937, 955 (N.D. Tex. 2024) ("Because emotional distress damages are not available under Title IX, Plaintiffs cannot recover damages related to pain and suffering, emotional and psychological harm, or loss of quality of life."); *Jane Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 2025 WL 1678080, at *4 (S.D. Tex. 2025) ("District courts in this circuit apply Cummings to Title IX claims.")  Plaintiffs' claim for "extreme and severe emotional distress and mental anguish" damages under Title IX must be dismissed as a matter of law.

<u>CONCLUSION</u>

For these reasons, Defendant Deer Park Independent School District respectfully requests that Plaintiffs' claims set forth above be dismissed under Rules 12(b)(1) and 12(b)(6), and that the Court grant Defendant all such other and further relief, both at law and in equity, to which it may be entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:  /s/ Christopher B. Gilbert
     Christopher B. Gilbert
     Texas Bar No. 00787535
     cgilbert@thompsonhorton.com
     Morgan P. Beam
     Texas Bar No. 24101447
     mbeam@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6714
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANT DEER PARK INDEPENDENT SCHOOL DISTRICT**

## <u>CERTIFICATE OF SERVICE</u>

On June 30, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>/s/ Christopher B. Gilbert</u>
Christopher B. Gilbert