United States District Court
Southern District of Texas
ENTERED
July 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, INDIVIDUALLY AND AS NEXT FRIEND OF JANIE DOE, MINOR CHILD, *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-2778 |
| DEER PARK INDEPENDENT SCHOOL DISTRICT, *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Deer Park Independent School District's ("DPISD") second Motion to Dismiss.[1] ECF 18. Defendant seeks to dismiss Plaintiff's complaint for failure to state a claim. After considering the pleadings, the parties' arguments, and the applicable law, the Court RECOMMENDS the Motion be GRANTED (ECF 18) and Plaintiff's claim be DISMISSED.

## I. Factual and Procedural Background.

In March 2026, Plaintiff Jane Doe, on behalf of her daughter, Janie Doe, filed an Amended Complaint against DPISD. ECF 17. Plaintiff's Amended Complaint alleges that on May 25, 2023, Robert James Yarbrough, a DPISD school bus driver,

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.

sexually assaulted Janie, an elementary school student, on a DPISD school bus. *Id.* ¶¶ 10-15. There were two witnesses to the assault, which was also captured on surveillance video. *Id.* ¶¶ 16, 18-19. The Amended Complaint also alleges that Yarbrough engaged in repeated inappropriate physical contact with Janie over the course of two years. *Id.* ¶¶ 13, 19-21, 24. Prior to the May 25, 2023 assault, Janie reported to two of her teachers and her principal that Yarbrough regularly "tickled" her. *Id.* ¶¶ 27, 29. After the May 25, 2023 assault, Janie participated in a forensic interview with the police, during which she stated that Yarbrough's conduct included "tickling," kissing, and touching her underneath her shirt and shorts. ECF 7-1 at 8-9.

Plaintiff originally filed suit in Texas state court, alleging several tort causes of action and a claim under Title IX, 20 U.S.C. § 1681. ECF 1-1. Defendant removed the case to federal court (ECF 1) and moved to dismiss all claims. ECF 5. The Court granted the motion, dismissing all claims but granting Plaintiff leave to amend only her Title IX claim. ECF 14; ECF 16. Plaintiff filed her Amended Complaint, repleading only the Title IX claim. ECF 17. Defendant then filed a second Motion to Dismiss. ECF 18. Plaintiff filed a Response (ECF 19), to which Defendant replied. ECF 20. DPISD's second Motion to Dismiss is ripe for consideration.

## II. Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, a court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. FED. R. CIV. P. 12(d). However, "[a] district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule

12(b)(6) motion, referred to in the complaint and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *George v. SI Group, Incorporated*, 36 F.4th 611, 619 (5th Cir. 2022). Courts also may consider documents attached to a *response* in opposition to a motion to dismiss when "the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *Jesse Kevin Duplechain, M.D., (II) v. State Farm Fire & Cas. Co.*, 594 F. Supp. 3d 729, 732 (W.D. La. 2022). Plaintiff attached the Deer Park Police Department report from the investigation of Yarbrough's sexual assault of Janie to her Response to Defendant's first Motion to Dismiss. ECF 7-1. The Amended Complaint cites specifically to the police report (ECF 17 ¶¶ 18-29, 31-32, 34), and DPISD raises no objection to Plaintiffs' reliance on the referenced document. Therefore, the Court considers the police report when ruling on DPISD's Motion to Dismiss.

## III. Analysis

### A. Plaintiff has failed to allege facts sufficient to support the actual notice element of her Title IX claim.

Title IX provides a cause of action for damages resulting from the actions of a school district employee, but the school district cannot be held vicariously liable for an employee's actions under respondeat superior or constructive notice theories of liability. *J. T. v. Uplift Educ.*, No. 23-10773, 2024 WL 5118486, at *2 (5th Cir.

Dec. 16, 2024); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287-90 (1998). Under Title IX, a school district is vicariously liable for its employee's conduct only if an official with the power to institute corrective measures had *actual* knowledge of the employee's discriminatory actions. *Gebser*, 524 U.S. 274 at 290-91. Therefore, to state a claim against DPISD for Yarbrough's assault of Janie Doe, Plaintiff must plead facts demonstrating that: (1) an official who had the authority to institute corrective measures (2) had actual knowledge of Yarbrough's sexual abuse and (3) responded with deliberate indifference. *J. T.*, 2024 WL 5118486, at *3 (citing *Gebser,* 524 U.S. at 277). The "actual knowledge" element requires the official "have actual knowledge that harassment has occurred, is occurring, or that there is a substantial risk that sexual abuse would occur." *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022) (internal quotation marks omitted). Allegations that the school *should* have known there was a substantial risk of abuse are insufficient. *M.E. v. Alvin Indep. Sch. Dist.*, 840 F. App'x 773, 775 (5th Cir. 2020).

According to the Amended Complaint, Yarbrough engaged in inappropriate behavior with Janie for two years. ECF 17 ¶ 21. Citing to the police report, Plaintiff's Amended Complaint states that Janie disclosed inappropriate behavior to her principal and two teachers before May 25, 2023. *Id.* ¶¶ 27-29. Based on these factual allegations, Plaintiff argues that prior to May 25, 2023, the school had both

actual knowledge that sexual abuse had already occurred and that a substantial risk of future abuse existed. *Id.* ¶¶ 40-51.

However, the police report states that prior to the assault on May 25, 2023, Janie told her first and second grade teachers (Mrs. Garret and Mrs. Fields) as well as the school Principal of Yarbrough's "tickling." ECF 7-1 at 8. It was not until June 8, 2023, during a forensic interview, that Janie stated Yarbrough's prior inappropriate conduct included kissing and touching her under her clothing. ECF 7-1 at 8-9. Plaintiff argues that due to her young age, the Court should consider Janie's report of "tickling" to include the more specific allegations of sexual assault made during her June 8, 2023 forensic interview. ECF 19 at 5; ECF 7-1 at 8. Therefore, Plaintiff argues, an appropriate official had actual knowledge that sexual abuse had occurred or that a substantial risk of future abuse existed. Defendant argues that Plaintiff's Amended Complaint and the information in the police report fail to state a claim under Title IX because neither includes factual allegations sufficient to show that prior to the May 25, 2023 assault, school officials had knowledge of any conduct other than "tickling." ECF 18 at 6.

Although an eight-year-old generally may not describe sexual abuse in specific clinical or legal terms and could use terminology like "tickling" instead, Plaintiff must, in order to state a claim under Title IX, plead specific facts that, taken as true, demonstrate DPISD's *actual* notice either of prior sexual abuse or a

substantial risk of future sexual abuse. Plaintiff's invitation to read Janie's earlier reports of tickling as encompassing the post-hoc statements of sexual assault emphasizes the point. The pleaded facts show that prior to the May 25 assault DPISD officials had actual knowledge only of Yarbrough's tickling, which as the Court has previously noted, is completely inappropriate but does not provide notice of conduct that is sexual in nature. ECF 14 at 13; *see also Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 880 (S.D. Tex. 2019) (explaining that vague allegations of conduct that does not include sexual harassment do not meet the notice requirement).

Nor does knowledge of tickling demonstrate actual knowledge of a substantial risk of future sexual abuse. Binding precedent has repeatedly shown the high bar required to demonstrate actual knowledge of a substantial risk of future sexual abuse. *See J. T.*, 2024 WL 5118486, at *4 (finding "red flags" that pointed to sexual abuse were not enough to put school on notice of risk); *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 363 (5th Cir. 2020) (finding knowledge that a student visited a teacher's home unaccompanied was insufficient to provide notice). *See also Gebser*, 524 U.S. at 291 (finding principal's knowledge that teacher directed sexually suggestive comments to student in class did not create actual notice). For example, in *M.E. v. Alvin Independent School District*, the school was aware of an overly close relationship between a junior high school student and a school resource officer

because the student's parent complained that the student was missing class to spend time with the officer and discussing personal family matters with him. *M.E.*, 840 F. App'x at 774. The Fifth Circuit held the school did not have actual knowledge of a substantial risk of sexual abuse because there were no allegations of sexual harassment. *Id.* at 776. District courts have also emphasized that allegations that a school *should* have known about sexual abuse or a substantial risk of sexual abuse are insufficient to constitute actual notice. *See, e.g.*, *Doe v. Northside I.S.D.*, 884 F. Supp. 2d 485, 493 (W.D. Tex. 2012) (finding no actual notice where school was aware teacher had inappropriate online interactions with students and other boundary issues, including hip and chest bumping); *Moreno v. McAllen Indep. Sch. Dist.*, No. 7:15-CV-162, 2016 WL 3198159, at *12–13 (S.D. Tex. June 9, 2016) (finding no knowledge of substantial risk of sexual abuse where school was aware of teacher's habit of pulling male students out of class to speak to them alone while getting physically close); *S.P. v. Ne. Indep. Sch. Dist.*, No. SA-21-CV-0388-JKP-RBF, 2021 WL 3272210, at *6 (W.D. Tex. July 30, 2021) (dismissing Title IX claim because allegation that school district knew about frequent one-on-one interactions between student and her teacher behind closed doors was insufficient to show actual knowledge of substantial risk). Plaintiff's allegations that prior to the May 25, 2023 assault Janie reported "tickling," absent allegations of conduct sexual in nature, are insufficient to show DPISD's actual knowledge of sexual abuse or actual knowledge

of a substantial risk of future sexual abuse. *See Doe v. D'Agostino*, 367 F. Supp. 2d 157, 166 (D. Mass. 2005) (finding no actual notice based on reports of teacher tickling a student and holding female students' hands while walking down the hall). Because the Court finds Plaintiff has failed again to allege facts sufficient to satisfy the notice element of her Title IX claim, the Court need not analyze whether Plaintiff has sufficiently alleged deliberate indifference.

**B. Leave to amend should be denied.**

Plaintiff requests she be given the chance to plead additional factual detail. ECF 19 at 11. Defendant argues leave should be denied because Plaintiff has failed to remedy the specific deficiencies identified in its first motion to dismiss and the first Memorandum and Recommendation. ECF 20 at 4.

Although leave to amend should be freely given (FED. R. CIV. P. 15(a)(2)), it can be denied for an appropriate reason "such as . . . repeated failure to cure deficiencies by amendments previously allowed . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The first Motion to Dismiss (ECF 5) and Memorandum and Recommendation (ECF 14) specifically discussed the deficiencies with Plaintiff's Title IX claim, including the actual notice requirement. Plaintiff failed to cure, or even substantially address, these deficiencies and fails to indicate in her Response any "additional factual detail" that could be provided if she

were granted leave to amend yet again. *See* ECF 19 at 8. Therefore, leave to amend would be futile.

**IV. Conclusion and Recommendation.**

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 18) be GRANTED and Plaintiff's claims be DISMISSED and leave to amend be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 02, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge